UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TAMMY KIRKLAND                                         CIVIL ACTION NO. 09-cv-1555

VERSUS                                                          JUDGE HICKS

PLIVA, INC., ET AL                                           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Tammy Kirkland ("Plaintiff") filed this products liability suit against the manufacturer of a drug which Plaintiff claims caused her to develop a neurological movement disorder known as Tardive Dyskinesia ("TD"). Six of the original Defendants were subsequently dismissed from the suit, leaving only defendants Pliva, Inc. and Qualitest Pharmaceuticals, Inc. Answers were filed by the remaining Defendants, and a scheduling conference was set for July 7, 2010. Prior to the conference, counsel for Plaintiff notified Plaintiff by certified mail that they would no longer be able to represent her due to the fact that, after repeated requests, Plaintiff had failed to provide documented proof of a diagnosis of TD.

Counsel for Plaintiff filed a Motion to Withdraw (Doc. 42), which the undersigned granted at the July 7 scheduling conference. In the Minutes (Doc. 43) stemming from the conference, the court "strongly encouraged" Plaintiff to retain new counsel and granted her until August 11, 2010 to either (1) enroll new counsel to represent her in this case or (2) file with the court a written statement signed by her in which she states that she intends to represent herself. The order warned: "Failure to take one of those steps prior to August 11,

2010 may result in Ms. Kirkland's case being dismissed, without further notice, for failure to prosecute." A copy of the order was mailed to Plaintiff at the address reflected in the Motion to Withdraw.

The August 11, 2010 deadline has passed, but there has been no action of record by Plaintiff or an attorney acting on her behalf. The court provided ample time for Plaintiff to secure new counsel or indicate a desire to proceed without counsel. Plaintiff has not taken the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step would be interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of August, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE